# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT FUGATE,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0580**  (BOR Appeal No. 2050984)
(Claim No. 201403311)

**ELITE COAL SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert Fugate, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Elite Coal Services, LLC, by Katherine Arritt and Jeffrey Brannon, its attorneys, filed a timely response.

The issues presented in the instant appeal are the closure of Mr. Fugate's claim on a temporary total disability basis; the denial of a request for authorization of an office visit with David Lynch, M.D.; the denial of authorization for the prescription medications Norco and Lodine; and the denial of a request to add a bulging lumbar disc and an annular tear of a lumbar disc as compensable components of Mr. Fugate's claim for workers' compensation benefits. On February 10, 2015, the claims administrator closed Mr. Fugate's claim on a temporary total disability basis. Additionally, on April 6, 2015, the claims administrator denied a request for authorization of an office visit with Dr. Lynch, and also denied a request for authorization of the prescription medications Norco and Lodine. Finally, on May 6, 2015, the claims administrator denied a request to add a bulging lumbar disc and an annular tear of a lumbar disc as compensable components of the claim. The Office of Judges affirmed the February 10, 2015; April 6, 2015; and May 6, 2015, decisions of the claims administrator in its Order dated December 4, 2015. This appeal arises from the Board of Review's Final Order dated May 20, 2016, in which the Board affirmed the December 4, 2015, Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fugate sustained a lower back injury during the course of his employment with Elite Coal Services while lifting a large piece of equipment on July 12, 2013. Mr. Fugate's application for workers' compensation benefits was held compensable for a lumbar sprain on August 2, 2013. A lumbar spine MRI performed on August 9, 2013, revealed a mild disc bulge at L4-5.

Mr. Fugate was examined by neurologist Robert Crow, M.D., on September 4, 2013. Dr. Crow noted that Mr. Fugate complained of back and leg pain, and diagnosed Mr. Fugate with lumbago. Dr. Crow reviewed the August 9, 2013, MRI and opined that a surgically remedial lesion is not present. On December 6, 2013, orthopedic surgeon Sanford Emery, M.D., reviewed Mr. Fugate's medical record. Dr. Emery opined that the diagnostic imaging available for review was within normal limits and recommended that Mr. Fugate undergo a course of physical therapy. On February 26, 2014, Mr. Fugate was evaluated by orthopedic surgeon David Lynch, M.D. Dr. Lynch also reviewed the August 9, 2013, MRI and opined that it is an unremarkable study. He further opined that the mild disc bulge revealed via the MRI is non-surgical in nature. Dr. Lynch diagnosed Mr. Fugate with a lumbosacral sprain.

Mr. Fugate sought treatment with Andrew Thymius, D.O., for ongoing lower back pain on April 22, 2014. Dr. Thymius diagnosed a lumbar strain, lumbar facet arthropathy, lumbar facet joint pain, and degenerative disc disease. He prescribed the medications Norco and Lodine for the treatment of Mr. Fugate's ongoing lower back pain. A second lumbar spine MRI was performed on July 18, 2014. The impression was stable degenerative disc disease at L4-5, with a mild disc protrusion at L4-5 which is unchanged in comparison with the August 9, 2013, study. Additionally, an electromyogram performed on July 30, 2014, did not reveal any evidence of radiculopathy. However, during a follow-up visit on December 10, 2014, Dr. Thymius opined that the MRI performed on July 18, 2014, revealed evidence of a worsening disc herniation at L4-5 when compared with the August 9, 2013, study. Dr. Thymius then diagnosed Mr. Fugate with a herniated nucleus pulposus at L4-5 and an annular disc tear.

Paul Bachwitt, M.D., performed an independent medical evaluation on January 29, 2015, and authored a report memorializing his findings on February 3, 2014. Dr. Bachwitt diagnosed Mr. Fugate with a lumbar sprain/strain. He opined that Mr. Fugate's medical record does not contain any evidence indicating the presence of an operable disc lesion. He further noted that his examination did not reveal any evidence of lumbar radiculopathy. Dr. Bachwitt then opined that Mr. Fugate has reached maximum medical improvement, that his treatment to date has well exceeded the treatment guidelines set forth in West Virginia Code of State Rules § 85-20 (2006), and that he is in no further need of treatment in relation to the compensable injury.

On February 10, 2015, the claims administrator closed Mr. Fugate's claim on a temporary total disability basis.[1] On April 6, 2015, the claims administrator denied a request for authorization of a second office visit with Dr. Lynch, and also denied authorization for the

---

[1]The record does not clearly define Mr. Fugate's prior period of temporary total disability

medications Norco and Lodine. On May 6, 2015, the claims administrator denied a request to add a bulging lumbar disc and an annular tear of a lumbar disc as compensable diagnoses.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on September 17, 2015, and authored a report memorializing his findings on September 18, 2015. Dr. Mukkamala opined that the claims administrator's denial of the request to add a bulging lumbar disc and an annular tear of a lumbar disc as compensable diagnoses was appropriate because the diagnoses represent naturally occurring degenerative conditions which are unrelated to the compensable lumbar sprain. He further opined that Mr. Fugate has reached maximum medical improvement and requires no further treatment, including office visits with Dr. Lynch and the use of the medications Norco and Lodine. Specifically, he noted that Mr. Fugate underwent a course of physical therapy. He then opined that the continued use of the medications Norco and Lodine is not currently justified for the treatment of a two-year-old soft tissue injury.

The Office of Judges affirmed the February 10, 2015; April 6, 2015; and May 6, 2015, claims administrator's decisions. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 20, 2016. On appeal, Mr. Fugate asserts that the evidence of record clearly demonstrates that a bulging lumbar disc and an annular tear of a lumbar disc should be added as compensable components of the claim. He further asserts that because the diagnoses at issue should be added as compensable components of the claim, he is entitled to treatment for these diagnoses to include an additional office visit with Dr. Lynch and authorization for the use of the medications Norco and Lodine.

Regarding the request to add a bulging lumbar disc and an annular tear of a lumbar disc as compensable components of the claim, the Office of Judges found that only Dr. Thymius interpreted the results of the July 18, 2014, MRI as showing evidence of progression of the mild L4-5 disc bulge when compared with the August 9, 2013, study. The Office of Judges further found that Dr. Thymius's conclusion that there has been a progression of the L4-5 disc bulge constitutes the basis for the request to add a bulging lumbar disc and an annular tear of a lumbar disc as compensable diagnoses. As was noted by the Office of Judges, all other physicians of record found the diagnostic imaging of record to be unremarkable. Moreover, the radiologist who interpreted the July 18, 2014, MRI specifically stated that the findings are unchanged in comparison with the August 9, 2013, study. Finally, Dr. Mukkamala found that the mild L4-5 disc bulge is representative of degenerative changes and is unrelated to the July 12, 2013, injury.

Regarding the request for additional medical treatment, the Office of Judges found that authorization for the treatment at issue was properly denied because the treatment was aimed at treating symptoms arising from the L4-5 disc herniation which, as was previously discussed, is not a compensable component of the claim. Finally, regarding the closure of the claim for temporary total disability benefits, the Office of Judges determined that the request stems from Dr. Thymius's diagnosis and ongoing treatment of an L4-5 disc herniation, which is not a compensable diagnosis. Moreover, West Virginia Code § 23-4-7a (2005), provides that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. Both Dr. Bachwitt and Dr. Mukkamala found that Mr. Fugate has reached maximum

medical improvement and, therefore, he is not eligible for additional temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4